### FAILURE TO STATE A CAUSE OF ACTION.

Circuit Court of Cuyahoga County.

THE LAKE ERIE IRON CO. v. JOHN KARPINSKI, ADMINISTRATOR.[*]

Decided, December 22, 1905.

*Pleading and Practice—Negligence—Plaintiff Must Plead Ignorance of Dangerous Conditions.*

In an action for death by wrongful act, caused by a defect in the appliances, places or ways which the employer has furnished for his employee, it is necessary to aver want of knowledge of such defect or danger on the part of the employee, and an averment that the employee did not know or appreciate the danger of the particular casualty by which he was in fact overtaken is not sufficient.

*Kline, Tolles & Goff,* for plaintiff in error.
*J. M. Pindras* and *Herrick & Hopkins,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This was an action for death by wrongful act, in which plaintiff below recovered a verdict and judgment.

---

[*]Affirmed without opinion, *Karpinski* v. *Lake Erie Iron Co.,* 76 Ohio State, 621.

We think it should be reversed because the petition does not state a cause of action.

The decedent, a boy, had been in the employ of the plaintiff in error but a few days, and, while on night turn at his employer's factory, fell into a cistern between two buildings and was drowned.

Under the rule of *Coal & Car Company* v. *Norman*, 49 Ohio State, 598, "the plaintiff must aver want of knowledge on his part of the defects causing the injury," instead of using the evasive language of this petition, to-wit, "not knowing or understanding nor appreciating the danger of falling into said tank." The two forms of expression are not identical.

It is the settled law of this state that where, in the appliances, places or ways, which an employer furnishes to his employee for the latter's work, a defect exists, consisting either of an isolated condition or of a combination of related circumstances, which the employer negligently creates or continues, no recovery can, in general, be had for the injury, or death, of such employee, in consequence thereof, without averment and proof that he was without knowledge of such defect and that, by reason of youth, inexperience, or otherwise, he had not the means of knowing thereof, or that, being aware of it, he complained to his employer and continued in the service on the faith of the latter's promise, express or implied, to remedy such defect. It is *not* an equivalent to aver that he did not know or appreciate the danger of the particular casualty by which he was in fact overtaken.

For error in admitting any evidence in support of this petition the judgment is reversed and the cause remanded.